## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between Ms. Roselee Borum ("Plaintiff") and Cenga Company, Inc., including any parent, subsidiary, affiliated, and related entities, and their past, present, or future officers, directors, administrators, managers, employees, shareholders, members, agents, attorneys, representatives, and assigns (collectively, "Defendant").

## RECITALS

WHEREAS, Plaintiff and Defendant are currently involved in a civil dispute based upon and arising out of Plaintiff's alleged former employment with Defendant.

WHEREAS, Plaintiff and Defendant desire to resolve all matters between the parties and all matters arising out of Plaintiff's claims;

WHEREAS, Defendant denies all claims asserted against it;

WHEREAS, Plaintiff and Defendant, both represented by Counsel, have settled all matters of controversy and, because Plaintiff's claims against Defendant involve allegations pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.,* as amended (the "FLSA"), the parties agree to contemporaneously file a Company in the United States District Court for the Middle District of Georgia, Macon Division, along with a Joint Motion for Approval of Settlement and Dismissal with Prejudice and proposed Order so that the parties may have Court approval of the settlement to close this matter;

NOW THEREFORE, in full consideration of the mutual promises, covenants, and undertakings hereinafter set forth, the receipt and sufficiency of which are hereby acknowledged, Plaintiff and Defendant agree to settle and resolve their dispute as follows:

## AGREEMENT

**1.**    **Court Approval:** Within two (2) business days after receiving this Agreement signed by Plaintiff, Defendant shall return to Plaintiff a fully executed copy of the Agreement, and the parties will execute and file with the Court a Complaint pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.,* as amended (the "FLSA") ("Civil Action"), and a Joint Motion for Approval of Settlement Agreement and Dismissal of Plaintiff's Complaint with Prejudice, with a proposed Order granting the same. Defendant agrees to pay the filing fee associated with filing the Complaint.  The parties agree that they will mutually make every reasonable effort to obtain the Court's approval of this Agreement and resulting dismissal with prejudice of the Civil Action. In the event the Court approves this Agreement but does not dismiss the Civil Action as requested in the parties' Joint Motion for Approval of Settlement Agreement, Plaintiff will file a Stipulation of Dismissal With Prejudice within two (2) business days of the Court's approval of the Agreement.

**2.**    **Consideration:** In exchange for the promises set forth in this Agreement, Defendant shall pay Plaintiff the total gross amount of Six Thousand Dollars and 00/100 ($6,000.00) (the "Settlement Payment"). The Settlement Payment shall be paid as a one-time lump sum via three checks, made payable as follows:

1 | P a g e

**EXHIBIT**

tabbies'

_2_

RB__RB__ __Cenga

Doc ID: 1517d1cb635a42e1027c9fa9fee61d9bc9b47dcc

A.      Payable to Roselee Borum, $1,771.70, allocated as payment for unpaid overtime and minimum wages.  Plaintiff shall be responsible for payment of taxes on this portion of the settlement.  Defendant will issue Plaintiff a Form W-2 for these wages.

B.      Payable to Roselee Borum, $1,771.70, allocated as Plaintiff's non-wage damages and payment for Plaintiff's release of claims against Defendant as set forth in this Agreement. Defendant will issue a Form 1099 to Plaintiff for this payment, and no withholdings or deductions will be made.

C.      Payable to Brown, LLC ("Plaintiff's Counsel"), $2,456.60, for payment of Plaintiff's attorneys' fees, costs, and expenses. Defendant will issue Brown, LLC a Form 1099 for this payment.  Brown, LLC is the only law firm entitled to attorney's fees.  This includes Local Counsel, Roger Orlando.  Plaintiff certifies that no attorney or firm other than Brown, LLC is entitled to receive a fee from this case.

D.      Defendant shall deliver the payments so that they are actually received by Plaintiff's Counsel within five (5) business days of Court approval of this Agreement or five (5) business days after the revocation period outlined in the sixth numbered paragraph below passes, whichever comes later.

**3.      Tax Liability:** Defendant makes no representations as to the tax consequences or liability arising from the Settlement Payment. Plaintiff acknowledges that she is relying on no representations or warranties by Defendant regarding the tax consequences, if any, of said payments. Plaintiff has been advised to seek advice from professional advisors of her choosing regarding tax treatment of this settlement. Plaintiff acknowledges and agrees that Plaintiff shall be solely responsible for any and all tax liability, penalty, or interest that may be owed by Plaintiff in connection with the Settlement Payment. Plaintiff further covenants and agrees to indemnify and hold Defendant harmless for any additional sums, including, but not limited to, employer's share of FICA, costs and expenses, including reasonable attorney's fees, liabilities, interest, and penalties incurred as a result of the tax treatment which Plaintiff accords to the payments made pursuant to this Agreement, or as the result of any of said payments being made without being subjected to withholdings.

**4.      Plaintiff's General Release and Waiver of Claims:** Subject to timely receipt of the Settlement Payment, Plaintiff agrees for herself and all heirs, executors, administrators, successors, and assigns to forever release and discharge the Defendant from any and all claims and all other debts, promises, agreements, demands, causes of action, attorneys' fees, costs, losses, and expenses of every nature whatsoever, known or unknown, suspected or unsuspected, filed or unfiled, arising prior to the Effective Date of this Agreement. This total release includes all claims arising under the FLSA or under any other federal, state, or local constitutional provision, statute, ordinance, regulation, policy (statutory or common-law), or legal or equitable theory.

This total release also includes, but is not limited to, any and all rights or claims under, based on, or related to the Age Discrimination in Employment Act, Title VII of the Civil

2 | P a g e                                                        *RB*___RB  *QH*___Cenga

Doc ID: 1517d1cb635a42e1027c9fa9fee61d9bc9b47dcc

Rights Act of 1964, the Civil Rights Act of 1991, the Americans with Disabilities Act (as amended), the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Older Workers' Benefits Protection Act, the Civil Rights Act of 1866, the Taft-Hartley Act, the National Labor Relations Act, the Labor Management Relations Act; Any claim for penalties (statutory or otherwise), liquidated damages, double or treble damages, interest, exemplary or punitive damages, court costs, or other costs or expenses, or attorney's fees; Any claim for penalties, other sums, attorney's fees, interest, injunctive or equitable relief, damages, or other relief of any kind allegedly available under any State or Federal Labor Code, or any other statute or legal doctrine.

**5.** **Defendant's General Release and Waiver of Claims:** Upon the Court's entry of an Order approving this Agreement, Defendant forever releases and discharges Plaintiff and her agents, attorneys, successors and assigns, heirs, executors, and administrators, from any and all claims and all other debts, promises, agreements, demands, causes of action, attorneys' fees, losses and expenses of every nature whatsoever, known or unknown, suspected or unsuspected, filed or unfiled, arising prior to the Effective Date of this Agreement.

**6.** **OWBPA.** Pursuant to the OWBPA (Older Workers' Benefit Protection Act), Plaintiff acknowledges and understands that:

    a. she is waiving claims for age discrimination under the ADEA in exchange for the payments described above;

    b. she has been advised in writing of the right to consult with an attorney before signing this Agreement;

    c. she has been given a period of at least 21 days within which to review and consider this Agreement before signing it but, if she chooses to sign this Agreement sooner, she acknowledges that she is doing so freely and voluntarily; and

    d. she may revoke this Agreement by providing written notice to Counsel for Defendant within seven (7) days following its execution by Plaintiff, and that the Agreement shall not become effective and enforceable until such seven-day period has expired and said Agreement is approved by the Court.

Any notice of revocation of this Agreement shall not be effective unless given in writing and received by the Counsel for Defendant listed below within the seven-day revocation period via personal delivery or overnight courier, postage prepaid, and addressed as follows:

Callie D. Bryan
Jones Cork, LLP
435ⁿᵈ Street, Suite 500
Macon, GA 31201

3 | P a g e

_RB___ RB __DH___ Cenga

**7.**    **Employment with Defendant:**    Plaintiff is no longer employed by the Defendant.    Plaintiff acknowledges and agrees that she is ineligible for rehire or re-employment by the Defendant. Plaintiff waives any rights, if any, to seek or obtain employment or re-employment with the Defendant or any of its affiliates.  Plaintiff agrees never to seek employment or otherwise seek to be hired, rehired, employed, re-employed, or reinstated by the Defendant, or any of its affiliates, at any time, at any location, under any theory.  In the event Plaintiff does apply for employment with the Defendant, or any of its affiliates, the Defendant, or any of its affiliates, may summarily ignore and reject such application without cause and without liability.  Plaintiff further releases and waives any and all claims she may have in any forum against the Defendant or any of its affiliates for re-employment or reinstatement under any theory or doctrine.  Plaintiff agrees that she will not return for any reason to the restaurant where she worked for Defendant, located at 142 East Dykes Street, Cochran, Bleckley County, Georgia  31014.

**8.**    **Employment Reference:**    Plaintiff agrees that if a potential employer asks her for a reference from the Defendant, she shall direct the potential employer to contact Debi Smith, Manager, (478) 783-2032.  Defendant will verify Plaintiff's dates of employment and job title but will not comment on the circumstances of her separation from employment with the Defendant.  Plaintiff agrees that she will not otherwise seek any references from the Defendant or any employee or representative of the Defendant.

**9.**    **Release Exclusions:** This Agreement and the mutual releases contained herein shall not apply to rights or claims that may arise after the Effective Date of this Agreement; nor shall any provision of this Agreement be interpreted to waive, release, or extinguish any rights that—by express and unequivocal terms of law—may not under any circumstances be waived, released, or extinguished. This Agreement does not prevent Plaintiff from filing a complaint with or cooperating with a government agency in any investigation or proceeding, although should she do so, she agrees that she will not receive, and will forego, any recovery that may otherwise be recoverable by or payable to her. This Agreement does not act as a waiver of any party's right to enforce this Agreement.

**10.**    **Affirmations:** Plaintiff represents and affirms as a material term of this Agreement that she has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due her, except as provided for in this Agreement.

**11.**    **Adequate Consideration:** Plaintiff and Defendant acknowledge that the consideration provided by each to the other is adequate and that this Agreement is a legally binding document with which all parties will faithfully comply.

**12.**    **Binding Nature:** This Agreement, and all the terms and provisions contained herein, shall bind the heirs, personal representatives, successors, and assigns of each party, and inure to the benefit of each party, its heirs, agents, directors, officers, employees, servants, successors, and assigns.

**13.**    **Construction:** This Agreement shall not be construed in favor of one party or against the other.

4 | P a g e

*RB*____RB____Cenga

Doc ID: 1517d1cb635a42e1027c9fa9fee61d9bc9b47dcc

**14.    Partial Invalidity:** Should any portion, word, clause, phrase, sentence, or paragraph of this Agreement be declared void or unenforceable, such portion shall be considered independent and severable from the remainder, the validity of which shall remain unaffected.

**15.    Compliance with Terms:** The failure to insist upon compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

**16.    Governing Law and Jurisdiction:** This Agreement shall be interpreted under the laws of the State of Georgia, both as to interpretation and performance.

**17.    Section Headings:**    The section and paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

**18.    Counterparts:**    This Agreement may be executed in counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument.  The parties agree that signed facsimiles, .pdf copies, and e-mail or electronic signatures shall have the same force and effect as the originals.

**19.    No Admissions:**    It is understood and agreed by the parties that this Agreement represents a compromise and settlement for various matters and that the promises, payments, and consideration set forth in this Agreement shall not be construed to be an admission of any liability or obligation by either party to the other party or any other person.

**20.    Effective Date:**    This Agreement shall be effective and enforceable upon approval by the Court.

**21.    Time is of the Essence:**    Time is of the essence as to every provision of this Agreement.

**22.    Entire Agreement:** This Agreement and the attachments hereto embody the entire agreement of the parties hereto who have executed it and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the parties to this Agreement related to the subject matter herein.  The parties to this Agreement each acknowledge that no representations, inducements, promises, agreements, or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement; that they have not executed this Agreement in reliance on any representation, inducement, promise, agreement, warranty, fact, or circumstances, not expressly set forth in this Agreement; and that no representation, inducement, promise, agreement, or warranty not contained in this Agreement, including, but not limited to, any other purported settlements, modifications, waivers, or terminations of this Agreement, shall be valid or binding, unless executed in writing by all of the parties to this Agreement.

RB    RB    Cenga

Doc ID: 1517d1cb635a42e1027c9fa9fee61d9bc9b47dcc

6 | P a g e

**23.**    **Knowledge and Understanding:**    Each party acknowledges and agrees that each has had sufficient time to review this Agreement, that each has conferred with counsel regarding this Agreement, and that each has received all information they require from the other in order to knowingly execute this Agreement.  The parties acknowledge that each party has participated in the drafting of this Agreement, and that each has had an equal opportunity to participate in the drafting of this Agreement.

_Roselee Borum_                         04/29/2019
**ROSELEE BORUM**                        **DATE**

Doc ID: 1517d1cb635a42e1027c9fa9fee61d9bc9b47dcc

5/23/19

**DATE**

---

**CENGA COMPANY, INC.**

By: _____

Title: _____

Doc ID: 1517d1cb635a42e1027c9fa9fee61d9bc9b47dcc

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | 1556570229-Settle...NAL_4-26-2019.pdf |
| **DOCUMENT ID** | 1517d1cb635a42e1027c9fa9fee61d9bc9b47dcc |
| **STATUS** | ◈ Completed |

**This document was requested on app.lexicata.com and signed on jtblawgroup2.lexicata.com**

## Document History

**SENT**
**04/29/2019**
20:38:32 UTC
Sent for signature to Roselee Borum (jeannieborum@gmail.com)
from nicholas@jtblawgroup.com
IP: 73.29.51.99

**VIEWED**
**04/29/2019**
20:42:51 UTC
Viewed by Roselee Borum (jeannieborum@gmail.com)
IP: 99.2.57.241

**SIGNED**
**04/29/2019**
20:44:39 UTC
Signed by Roselee Borum (jeannieborum@gmail.com)
IP: 99.2.57.241

**COMPLETED**
**04/29/2019**
20:44:39 UTC
The document has been completed.